UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0022-SEB-DKL-2 |
| | ) | |
| CHAD GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 8, 2016 and a supplemental petition filed on March 30, 2016 (except where otherwise noted, the Petition and the Supplemental Petition will be referred to collectively as "Petitions"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 10, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 10, 2016, defendant Chad Gordon appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Brad Shepard, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Patrick Jarosh, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gordon of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Gordon questions to ensure that he had the ability to understand the proceedings and his rights.

2. Copies of the Petition were provided to Mr. Gordon and his counsel, who informed the court they had reviewed the Petitions and that Mr. Gordon understood the violations alleged. Mr. Gordon waived further reading of the Petitions.

3. The court advised Mr. Gordon of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Gordon was advised of the rights he would have at a preliminary hearing. Mr. Gordon stated that he wished to waive his right to a preliminary hearing.

4. Mr. Gordon stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions. Mr. Gordon executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Gordon of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Gordon, by counsel, stipulated that he committed Violation Numbers 1 through 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

Mr. Gordon was scheduled to report to the probation office on March 1, 2016. However, the offender failed to report, citing oversleeping and medication. He was rescheduled to report on March 7, 2016. He failed to report for the rescheduled appointment, and calls to the offender have gone unreturned.

| | |
|---|---|
| 2 | **"The defendant shall not unlawfully possess a controlled substance."** |

On February 29, 2016, the offender submitted a urine sample which tested positive for opiates. This sample has been submitted to Alere Laboratory for confirmation, however; the results have not been received.

As previously reported to the Court, on November 3, 2015, the offender submitted a urine sample which tested positive for opiates. On November 25, 2015, the test was forwarded to Alere Laboratory and confirmed positive for hydrocodone. The offender initially denied any illegal drug use, however, on November 30, 2015, admitted to taking a hydrocodone tablet which was not prescribed to him. On January 14, 2016, the offender submitted a urine sample which tested positive for opiates. He admitted taking hydrocodone pill, which he obtained from an associate.

| | |
|---|---|
| 3 | **"If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |

The offender has failed to make a payment toward his outstanding restitution and special assessment balance. The offender was ordered to pay, joint and severally, $28,429.26, in restitution. The balance is currently $28,242.06. The offender has never paid his $100 special assessment. The offender has maintained full-time employment since November 9, 2015.

| | |
|---|---|
| 4 | **"The defendant shall participate in a program of mental health treatment as directed by the probation officer."** |

On November 3, 2015, the offender was referred for a mental health assessment to Midwest Psychological Center. He put off contacting this agency until January 2016, when he reported having an assessment scheduled for February 13, 2016. The offender stated he attended this assessment; however, the agency reported he was a no show.

      5           **"The defendant shall not meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity, or whom the defendant knows to have been convicted of a felony, unless granted permission to do so by the probation officer."**

As previously reported to the Court, on November 30, 2015, the offender admitted a friend who had a prescription for hydrocodone, provided him a tablet which had not been prescribed to him. On January 25, 2016, the offender admitted an associate provided him with a hydrocodone tablet. This conduct is contrary to Indiana State law and would constitute Dealing in a schedule II Controlled Substance. The offender never received permission to associate with these individuals.

7. The Government orally moved to dismiss the Supplemental Petition and the Court granted the same.

8. The court placed Mr. Gordon under oath and directly inquired of Mr. Gordon whether he admitted violations 1 through 5 of his supervised release set forth above. Mr. Gordon admitted the violations as set forth above.

    9. The parties and the USPO further stipulated that:

(a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b) Mr. Gordon's criminal history category is II

(c) The range of imprisonment applicable upon revocation of Mr. Gordon's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of 12 months with 2 years of supervised release to follow. Defendant argued for a sentence of 3 months.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHAD GORDON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the

Attorney General or his designee for a period of six (6) months with 1 year of supervised release to follow. In addition to the mandatory conditions of supervision, the Court imposed 20 administrative conditions to be provided by USPO on Judgment and Commitment Order. Each condition imposed was read and explained to the defendant. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court will recommend placement at a facility that can provide mental health and substance abuse treatment.

Counsel for the parties stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Gordon entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Gordon's supervised release, imposing a sentence of imprisonment of six (6) months with one (1) year of supervised release to follow. In addition to the mandatory conditions of supervision, the Court imposed 20 administrative conditions to be provided by USPO on Judgment and Commitment Order. Each condition imposed was read and explained to the defendant. The defendant is to be taken into immediate custody pending the district court's

action on this Report and Recommendation. The Court will recommend placement at a facility that can provide mental health and substance abuse treatment.

    IT IS SO RECOMMENDED.

Date:  June 3, 2016

                                                          Debra McVicker Lynch
                                                          United States Magistrate Judge
                                                          Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal