UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:15-cr-0022-SEB-DKL-2 |
| ) | |
| CHAD GORDON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On December 29, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 29, 2016. Defendant Gordon appeared in person with his appointed counsel William Dazey. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jason Nutter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Gordon of his rights and ensured he had a copy of the Petition. Defendant Gordon waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Gordon admitted violation no. 2 as set forth in the Petition. [Docket No. 157.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**<br><br>On November 21, 2016, this officer attempted to see Mr. Gordon at his reported address. His mother reported he had not been at the home in over a week, and that she was unaware of where he was staying. This officer also attempted to make contact with offender at his father's address, and was again informed they have not seen him and had no information on his whereabouts. |

4. The government orally moved to dismiss violation nos. 1 and 3 and the Court granted the same.

5. The parties stipulated that:

    (a) Violation no. 2 is a Grade C violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

6. The parties jointly recommended a sentence of six (6) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, recommends that the Court find that the Defendant violated the conditions in the Petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 13 JAN 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal